Filed 8/19/20  P. v. Rendon CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G057637 |
| v. | (Super. Ct. No. 12CF1604) |
| ADRIAN RENDON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Stephen M. Lathrop, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Amanda V. Lopez, Charles S. Lee and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

INTRODUCTION

Defendant Adrian Rendon was convicted of attempted murder under the natural and probable consequences doctrine, and sentenced to 25 years to life. Pursuant to Penal Code section 1170.95,[1] defendant filed a petition for resentencing. The trial court summarily denied defendant's petition. We affirm.

The language of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1051, § 4), the legislation that enacted section 1170.95, applies to murder, not attempted murder. Even the cases which defendant cites that reach the conclusion Senate Bill No. 1437 applies to attempted murder also conclude that section 1170.95 does not permit resentencing petitions for those already convicted of attempted murder.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

The facts of the underlying case are fully set forth in our prior unpublished opinion, *People v. Rendon and Sevilla* (June 26, 2018, G054006). In short, in the process of committing a carjacking, defendant's codefendant shot the victim in the head; the victim survived the attack. It is undisputed that defendant was not the shooter. Defendant claimed at trial that he was not part of a conspiracy to murder the victim, and that he did not know his codefendant had a gun or that he would shoot or try to kill the victim. (*Ibid.*)

Defendant was convicted of conspiracy to commit murder (§§ 182, subd. (a)(1), 187, subd. (a) [count 1]), attempted murder (§§ 664, subd. (a), 187, subd. (a) [count 2]), and carjacking (§ 215, subd. (a) [count 3]). The trial court sentenced defendant to 25 years to life in prison on count 1; sentences of life with the possibility of parole after seven years on count 2 and five years determinate on count 3 were to run concurrent to the sentence on count 1, and were stayed pursuant to section 654. A panel

---

[1] All further statutory references are to the Penal Code.

of this court affirmed the judgment of conviction and remanded for further proceedings. (*People v. Rendon and Sevilla, supra,* G054006.)[2]

Following the passage of Senate Bill No. 1437, defendant filed a petition for resentencing under section 1170.95.  The trial court summarily denied the petition: "The petition does not set forth a prima face case for relief under the statute.  A review of court records indicates defendant is not eligible for relief under the statute because the defendant does not stand convicted of murder."  Defendant filed a notice of appeal from the postjudgment order.

DISCUSSION

Defendant argues the trial court erred by summarily denying his petition for resentencing because the statutory changes of Senate Bill No. 1437 apply to convictions for attempted murder based on the natural and probable consequences doctrine to the same extent as convictions for murder based on the natural and probable consequences doctrine.

Two distinct lines of authority have emerged as to whether Senate Bill No. 1437's legislative changes apply to those charged with attempted murder under the natural and probable consequences doctrine.  On one side are *People v. Lopez* (2019) 38 Cal.App.5th 1087 (*Lopez*), review granted November 13, 2019, S258175 and *People v. Munoz* (2019) 39 Cal.App.5th 738 (*Munoz*), review granted November 26, 2019, S258234, and on the other side are *People v. Medrano* (2019) 42 Cal.App.5th 1001 (*Medrano*), review granted March 11, 2020, S259948, *People v. Larios* (2019) 42 Cal.App.5th 956, 969-970 (*Larios*), review granted February 26, 2020, S259983, and

_____

[2]  It is unclear from the record on appeal whether the further proceedings we directed the trial court to conduct have been conducted.  Our opinion in this appeal is not intended to have any effect on those proceedings.

3

*People v. Sanchez* (2020) 46 Cal.App.5th 637 (*Sanchez*), review granted June 10, 2020, S261768.[3]

In *Lopez*, the appellate court noted that Senate Bill No. 1437 does not mention attempted murder, and the legislative history supports the conclusion that the legislation was not intended to affect convictions for attempted murder. (*Lopez, supra,* 38 Cal.App.5th at pp. 1103-1105.) The court reached the same conclusion for the same reasons in *Munoz, supra,* 39 Cal.App.5th at pages 753 through 760.

In *Medrano*, the appellate court held that because "the crime of attempted murder is tethered to the murder statutes, i.e., it does not exist without them, there is no logical basis for applying section 188 to murder and treating the crime of attempted murder as being subject to an impliedly different and unspecified rule of law." (*Medrano, supra*, 42 Cal.App.5th at p. 1015.)

In *Larios*, the appellate court held that "the natural and probable consequences doctrine is no longer a viable theory of accomplice liability for attempted murder." (*Larios, supra*, 42 Cal.App.5th at p. 966.) The court reasoned that "since 'implied malice cannot support a conviction of an *attempt* to commit murder' [citation], the current version of section 188 requires proof the aider and abettor acted with the intent to kill while aiding and abetting the target offense." (*Ibid.*)

In *Sanchez*, the appellate court agreed with the decisions in *Medrano* and *Larios* (*Sanchez, supra*, 46 Cal.App.5th at pp. 642-643), and further concluded that "[l]imiting Senate Bill 1437's malice imputing prohibition to murder has the absurd consequence of incentivizing murder" by creating a situation in which under certain

---

[3] The California Supreme Court limited review in *Lopez* to two issues, only one of which is relevant to this appeal: "Does Senate Bill No. 1437 (Stats. 2018, ch. 1015) apply to attempted murder liability under the natural and probable consequences doctrine?" In *Munoz*, *Medrano*, *Larios*, and *Sanchez*, the Supreme Court deferred further action pending the disposition of *Lopez*.

circumstances an aider and abettor of murder would face lesser criminal culpability than an aider and abettor of attempted murder.  (*Id.* at pp. 643-644.)

In *People v. Dennis* (2020) 47 Cal.App.5th 838 (*Dennis*), another panel of this court concluded that *Lopez* and *Munoz* are the better reasoned opinions, and rejected the analyses of *Sanchez*, *Medrano*, and *Larios*.  "In our view, the *Medrano*, *Larios*, and *Sanchez* courts rested their contrary conclusion on a flawed premise—that to be convicted as an aider and abettor under the natural and probable consequences doctrine a defendant must share the mental state of the direct perpetrator." (*Dennis, supra*, 47 Cal.App.5th at p. 846.)  To the contrary, the *Dennis* court quoted the Supreme Court's opinion in *People v. Chiu* (2014) 59 Cal.4th 155, 164 regarding aider and abettor culpability under the natural and probable consequences doctrine:  "'Because the nontarget offense is unintended, the mens rea of the aider and abettor with respect to that offense is irrelevant and culpability is imposed simply because a reasonable person could have foreseen the commission of the target crime.'"  We agree with *Dennis*'s conclusion that Senate Bill No. 1437 does not permit defendants convicted of attempted murder under the natural and probable consequences doctrine to seek resentencing under section 1170.95.

Additionally, the plain language of section 1170.95 applies only to those convicted of murder, not attempted murder.  The initial sentence of the statute begins: "A person *convicted of felony murder or murder under a natural and probable consequences theory* may file a petition with the court that sentenced the petitioner to have the petitioner's *murder conviction* vacated and to be resentenced on any remaining counts." (§ 1170.95, subd. (a), italics added; see *Munoz, supra*, 39 Cal.App.5th at p. 754; *Lopez, supra*, 38 Cal.App.5th at p. 1104.)  Even *Medrano* and *Larios* are in agreement that section 1170.95's resentencing petition procedure is not available to those previously convicted of attempted murder under the natural and probable consequences doctrine, and that the distinction between murder and attempted murder in this context meets the

5

rational basis test. (*Medrano, supra*, 42 Cal.App.5th at pp. 1016-1018; *Larios, supra*, 42 Cal.App.5th at pp. 968-970 ["there is a rational basis for the Legislature's decision to grant relief pursuant to section 1170.95 only to murder convictions and exclude attempted murder convictions based on judicial economy and the financial costs associated with reopening both final murder and final attempted murder convictions"].)[4]

Contrary to defendant's argument, the application of the ameliorative benefits of Senate Bill No. 1437 to those convicted of murder but not to those convicted of attempted murder does not violate state and federal equal protection principles. As the court explained in *Lopez*, there are two primary bases supporting the legislation's distinction between these two crimes. First, the Legislature could reasonably decide that the reforms accomplished by Senate Bill No. 1437 were "'more crucial or imperative'" in murder cases than in attempted murder cases because of the gap in culpability. (*Lopez, supra*, 38 Cal.App.5th at pp. 1111-1112.) Second, given the costs associated with the section 1170.95 petitioning process, "it is reasonable for the Legislature to limit the scope of reform measures to maintain the state's financial integrity." (*Lopez, supra*, at p. 1112.)

---

[4] *Sanchez, supra*, 46 Cal.App.5th 637, did not address this issue.

DISPOSITION

The postjudgment order is affirmed.



FYBEL, J.

WE CONCUR:


ARONSON, ACTING P. J.


THOMPSON, J.